IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MARE INFINITUS TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG SEMICONDUCTOR, INC., <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO.    2:26-cv-504 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Mare Infinitus Technologies LLC ("Plaintiff"), by and through the undersigned counsel, hereby asserts the following claims for patent infringement against Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Semiconductor, Inc. ("SCI") (collectively with SEC and SEA, "Samsung" or "Defendants"), and alleges as follows:

## SUMMARY

2.      Plaintiff is the owner by assignment of all right, title and interest in United States Patent Nos. 9,209,164 and 9,275,982 (collectively, the "Patents-in-Suit"; attached hereto as Exhibits A and B, respectively).

3.      Defendants infringe the Patents-in-Suit by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license,  a number of its commercial products including, *inter alia*, the Samsung High Bandwidth Memory ("HBM") and other substantially similar products (collectively, the

"Accused Products").  These products are supplied for Artificial Intelligence Graphics Processing Units ("AI GPUs") such as the AMD MI series AI GPUs (for example, the MI250X, MI300X, and the MI350X ). *See* https://www.techpowerup.com/321835/samsung-signs-usd-3-billion-hbm3e-12h-supply-deal-with-amd.  These Accused Products are marketed, offered for sale, and distributed throughout the United States, including in this district.  Upon information and belief, AI datacenters are currently operating in multiple locations throughout Texas including Denton and Plano, with an additional significant number of these data centers being announced and built.

4.      By this action, Plaintiff seeks to obtain compensation for the harm Plaintiff has suffered, and will continue to suffer, as a result of Defendants' infringement of the Patents-in-Suit.

## NATURE OF THE ACTION

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

6.      Defendants have infringed and continue to infringe, have at least as early as the filing of this action induced and continue to induce infringement of, and have contributed to and continue to contribute to infringement of, one or more claims of Patents-in-Suit at least by making, using, selling, and/or offering to sell the Accused Products in the United States, including in this district, and/or by importing the Accused Products into the United States.

7.      Plaintiff is the legal owner by assignment of the Patents-in-Suit, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO").  Plaintiff seeks monetary damages for Defendants' infringement of the Patents-in-Suit.

**THE PARTIES**

8.      Plaintiff is a limited liability company organized under the laws of the State of Texas with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252. Plaintiff is the owner of the intellectual property rights at issue in this action.

9.      Defendant SEC is a corporation organized and existing under the laws of the Republic of Korea, having its principal place of business located at 129 Samsung-Ro, Yeongtong-Gu, Suwon-si, Gyeonggi-Do 16677, Korea.  On information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in this judicial district.

10.      Currently, Defendant SEA is a corporation organized under the laws of New York, with a place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  On information and belief, SEA is relocating its headquarters to Plano, Texas by the end of this year. *See* https://njbiz.com/samsung-us-headquarters-move-new-jersey-texas/.  On information and belief, SEA has a regular and established place of business in this judicial district, including at Excellence Way, Plano, Texas 75023.  SEA may be served with process in Texas through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

11.      On information and belief, Defendant SSI is a corporation organized and existing under the laws of the State of California.  On information and belief, SSI, collectively with SEC, operates the Device Solutions division, which is involved in the design, manufacture, use, offering for sale and/or sales of certain semiconductor products, including the Accused Products.  On information and belief, SSI maintains a regular and established place of business

3

at 6625 Excellence Way, Plano, Texas 75023.  SSI may be served with process through its registered agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.  On information and belief, SSI is a wholly owned subsidiary of SEA.

12.     On information and belief, Defendants, through their online store, directly and/or indirectly, distribute, market, offer to sell, and/or sell the Accused Products in the United States and/or import the Accused Products into the United States, including in this judicial district, and otherwise direct infringing activities to this district in connection with the Accused Products.

## JURISDICTION AND VENUE

13.     As this is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., this Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has general and specific personal jurisdiction over Defendants. Defendants conduct substantial business in the forum, directly and/or through intermediaries, including: (i) at least a portion of the infringing activity alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to persons in this district; and (iii) having a regular and established place of business in this state and in this judicial district.

15.     Venue is proper in this district under 28 U.S.C. § 1400(b) because, as noted above, Defendants have committed acts of patent infringement in this district and have regular and established places of business in this district.

## PATENTS-IN-SUIT

16.     On December, 8, 2015, the USPTO duly and legally issued United States Patent No. 9,209,164 ("the '164 Patent") entitled "Interconnection structure of package structure and

method of forming the same" to inventor Chia-Yen, Hsin-Chang Tsai and Peng-Hsin Lee . A true and correct copy of the '164 Patent is attached as Exhibit A.

17. The '164 Patent is presumed valid under 35 U.S.C. § 282.

18. Plaintiff owns all rights, title, and interest in the '164 Patent.

19. On March 1, 2016, the USPTO duly and legally issued United States Patent No. 9,275,982 ("the '982 Patent") entitled "Method of forming interconnection structure of package structure" to inventor Chia-Yen, Hsin-Chang Tsai and Peng-Hsin Lee.  A true and correct copy of the '982 Patent is attached as Exhibit B.

20. The '982 Patent is presumed valid under 35 U.S.C. § 282.

21. Plaintiff owns all rights, title, and interest in the '982 Patent.

## CLAIMS FOR RELIEF

### Count I – Infringement of United States Patent No. 9,209,164

22. Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

23. Defendants (or those acting on their behalf) have infringed and are infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '164 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, Samsung High Bandwidth Memory (HBM), notably the HBM3, and substantially similar products (collectively, "the '164 Accused Products").

24. As just one non-limiting example, set forth in Exhibit C is an exemplary claim chart evidencing Defendants' infringement of claim 1 of the '164 Patent in connection with one of the '164 Accused Products (e.g., the Samsung  High Bandwidth Memory).  This description

is based on publicly available information.  *See, e.g.,*

https://www.techinsights.com/blog/techinsights-analysis-amds-mi300x-reveals-samsung-hbm3.

Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '164 Accused Products that it obtains during discovery.

25.    Defendants have been and/or currently are active inducers of the direct infringement of the '164 Patent under 35 U.S.C. § 271(b) and a contributory infringers of the '164 Patent under 35 U.S.C. § 271(c).

26.    With and despite its knowledge of the '164 Patent, Defendants have been and/or currently are intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '164 Patent while being on notice of (or willfully blind to) the '164 Patent.  For instance, Defendants have supplied and continue to supply the '164 Accused Products to customers (e.g., end users and/or distributors of the '164 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '164 Patent.

27.    Defendants have been and/or currently are knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '164 Patent.  As one example, Defendants promote, advertise, and instruct customers or potential customers about the '164 Accused Products and uses of the '164 Accused Products.

28.    Defendants know (and/or have known) that such encouraging and aiding does (and/or would) result in their customers directly infringing one or more claims of the '164 Patent.  For instance, prior to the filing date of this lawsuit Defendants knew of the existence of the '164 Patent or at least should have known of the existence of the '164 Patent but were willfully blind to its existence.  At minimum, as of the filing date of this lawsuit, Defendants

knew of the existence of the '164 Patent.  And, as a result of its knowledge of the '164 Patent (and/or as a direct and probable consequence of its willful blindness to this fact), Defendants specially intend (and/or have intended) that their encouraging and aiding does (and/or would) result in direct infringement of the '164 Patent by Defendants' customers.  On information and belief, Defendants specifically intend (and/or have intended) that their actions will (and/or would) result in direct infringement of one or more claims of the '164 Patent and/or subjectively believe (and/or have believed) that their actions will (and/or would) result in infringement of the '164 Patent but have taken (and/or took) deliberate actions to avoid learning of those facts.

29.    Defendants have been and/or currently are contributorily infringing one or more claims of the '164 Patent by offering for sale, selling, and/or importing one or more components in connection with the '164 Accused Products that contribute to the direct infringement of the '164 Patent by customers of the '164 Accused Products.  In particular, as set forth above, Defendants have had actual knowledge of the '164 Patent since before the filing of this action. Further, Defendants offer for sale, sell, and/or import one or more components in connection with the '164 Accused Products that are not staple articles of commerce suitable for substantial noninfringing use, and Defendants know (or should know) that such component(s) were especially made or especially adapted for use in infringement of the '164 Patent.  Defendants have supplied (and/or continue to supply) the '164 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '164 Patent by using the '164 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendants).

30.     At least as early as the filing of this action, Defendants' infringement of the '164 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

31.     Additional allegations regarding Defendants' knowledge of the '164 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

32.     Defendants' infringement of the '164 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

33.     Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '164 Patent.

34.     Plaintiff is entitled to recover from Defendants all damages that Plaintiff has sustained as a result of Defendants' infringement of the '164 Patent, including, without limitation, a reasonable royalty.

### Count II – Infringement of United States Patent No. 9,275,982

35.     Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs above.

36.     Defendants (or those acting on their behalf) have infringed and are infringing, either literally or under the doctrine of equivalents, at least claim 1 of the '982 Patent in violation of 35 U.S.C. §§ 271 et seq., directly and/or indirectly, by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States without authority or license, Samsung High Bandwidth Memory (HBM), notably the HBM3 and substantially similar products (collectively, "the '982 Accused Products").

37.     As just one non-limiting example, set forth in Exhibit D is an exemplary claim chart evidencing Defendants' infringement of claim 1 of the '982 Patent in connection with one of the '982 Accused Products (e.g., the Samsung HBM).  This description is based on publicly available information. Plaintiff reserves the right to modify this description, including, for example, on the basis of information about the '982 Accused Products that it obtains during discovery.

38.     Defendants have been and/or currently are active inducers of the infringement of the '982 Patent under 35 U.S.C. § 271(b) and contributory infringers of the '982 Patent under 35 U.S.C. § 271(c).

39.     With and despite its knowledge of the '982 Patent, Defendants have been and/or currently are intentionally causing, urging, and/or encouraging customers to directly infringe one or more claims of the '982 Patent while being on notice of (or willfully blind to) the '982 Patent.  For instance, Defendants have supplied and continue to supply the '982 Accused Products to customers (e.g., end users and/or distributors of the '982 Accused Products) while knowing that use of these products in their intended manner will directly infringe one or more claims of the '982 Patent.

40.     Defendants have been and/or currently are knowingly and intentionally encouraging and aiding customers to engage in such direct infringement of the '982 Patent.  As one example, Defendants promote, advertise, and instruct customers or potential customers about the '982 Accused Products and uses of the '982 Accused Products.

41.     Defendants know (and/or have known) that such encouraging and aiding does (and/or would) result in its customers directly infringing the '982 Patent.  For instance, prior to the filing date of this lawsuit Defendants knew of the existence of the '982 Patent or at least

9

should have known of the existence of the '982 Patent but were willfully blind to its existence. At minimum, as of the filing date of this lawsuit, Defendants knew of the existence of the '982 Patent.  And, as a result of their knowledge of the '982 Patent (and/or as a direct and probable consequence of their willful blindness to this fact), Defendants specially intend (and/or have intended) that their encouraging and aiding does (and/or would) result in direct infringement of the '982 Patent by Defendants' customers.  On information and belief, Defendants specifically intend (and/or have intended) that their actions will (and/or would) result in direct infringement of one or more claims of the '982 Patent and/or subjectively believe (and/or have believed) that their actions will (and/or would) result in infringement of the '982 Patent but have taken (and/or took) deliberate actions to avoid learning of those facts.

42.    Defendants have been and/or currently are contributorily infringing one or more claims of the '982 Patent by offering for sale, selling, and/or importing one or more components in connection with the '982 Accused Products that contribute to the direct infringement of the '982 Patent by customers of the '982 Accused Products.  In particular, as set forth above, Defendants have had actual knowledge of the '982 Patent or were willfully blind to its existence since before the filing of this action.  Further, Defendants offer for sale, sell, and/or import one or more components in connection with the '982 Accused Products that are not staple articles of commerce suitable for substantial noninfringing use, and Defendants know (or should know) that such component(s) were especially made or especially adapted for use in infringement of the '982 Patent.  Defendants have supplied (and/or continue to supply) the '982 Accused Products that comprise such component(s) to customers, who then directly infringe one or more claims of the '982 Patent by using the '982 Accused Products in their intended manner (e.g., pursuant to instructions provided by Defendants).

10

43.     At least as early as the filing of this action, Defendants' infringement of the '982 Patent was and continues to be willful and deliberate, thereby entitling Plaintiff to enhanced damages.

44.     Additional allegations regarding Defendants' knowledge of the '982 Patent and willful infringement will likely have evidentiary support after a reasonable opportunity for discovery.

45.     Defendants' infringement of the '982 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

46.     Plaintiff is in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '982 Patent.

47.     Plaintiff is entitled to recover from Defendants all damages that Plaintiff has sustained as a result of Defendants' infringement of the '982 Patent, including, without limitation, a reasonable royalty.

## JURY DEMANDED

48.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a.  That judgment be entered that Defendants have infringed at least one or more claims of the Patents-in-Suit, directly and/or indirectly, literally and/or under the doctrine of equivalents;

11

b.  An award of damages sufficient to compensate Plaintiff for Defendants' infringement under 35 U.S.C. § 284, including an enhancement of damages on account of Defendants' willful infringement;

c.  That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees;

d.  Costs and expenses in this action;

e.  An award of prejudgment and post-judgment interest; and

f.  Such other and further relief as the Court may deem just and proper.

Date: June 24, 2026                    Respectfully submitted,

/s/Daniel A. Kent
Daniel A. Kent
  dankent@kentrisley.com
  (404) 585-4214
Stephen R. Risley
  steverisley@kentrisley.com
  (404) 585-2101
Samuel J. Najim
  samnajim@kentrisley.com
  (404) 855-3866
Olivia E. Marbutt
  oliviamarbutt@kentrisley.com
  (404) 855-3865
**KENT & RISLEY LLC**
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

*Attorneys for Plaintiff*
*Mare Infinitus Technologies LLC*